IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UUSI, LLC D/B/A NARTRON,<br><br>Plaintiff,<br><br>v.<br><br>FUTABA CORPORATION OF AMERICA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 6:23-cv-00440<br><br>**COMPLAINT FOR COPYRITE INFRINGEMENT**<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR COPYRITE INFRINGEMENT**

UUSI, LLC doing business as Nartron ("Nartron") hereby brings this Complaint against Futaba Corporation of America ("Futaba") and Does 1-10 (collectively, "Defendants"). Nartron alleges and states as follows:

**INTRODUCTION**

1. For decades, Nartron has been a leading technological innovator in the design, development, manufacture, and marketing of electronic systems and components for automobiles, trucks, military, and consumer products. Nartron devotes enormous resources in creating its innovations and protects that investment through intellectual property protections, including copyrights and patents.

2. This case involves copyrights that Nartron owns on its source code for software ("software code") it developed and installed in printed circuit board assemblies for use in the integrated center stacks of automobiles (the "PCBAs").

3. Nartron is the sole author and exclusive owner of the software code, which Nartron registered with the United States Copyright Office.

4. In or around 2011, JVIS – USA, LLC and its related entities ("JVIS") engaged Nartron to engineer and produce the PCBAs to integrate into JVIS's instrument panel bezels for use in at least the 2014 Chrysler Jeep Grand Cherokee. In or around 2012, unbeknownst to Nartron, JVIS shared Nartron's proprietary information, including prototype PCBAs, design files, testing data, software code, manufacturing layouts and specifications, and production part approval process (PPAP) package materials, including the PCBAs themselves containing Nartron's software code, with Futaba, Nartron's direct competitor.

5. Futaba used Nartron's proprietary information, including at least Nartron's PCBAs containing Nartron's software code, to reverse engineer each and every aspect of Nartron's PCBAs, including the software code embedded therein.

6. After reverse engineering Narton's software code, Futaba copied Nartron's entire PCB design. At that point, JVIS terminated its contract with Nartron for the supply of PCBs to integrate into JVIS's instrument panel bezels, and contracted with Futaba to provide the Nartron-designed PCBs (presumably, at a lower cost). Futaba continues to make and sell to JVIS Nartron-designed PCBAs containing the copyrighted software code.

7. Nartron now seeks relief from this Court to stop Defendants' wrongful conduct and disgorge from Defendants their ill-gotten gains.

8. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501.

## PARTIES

9. Nartron is a Michigan limited liability company with its principal place of business in Reed City, Michigan.

10. Nartron is informed and believes, and on that basis alleges, that Futaba is an Alabama corporation with its principal place of business at 5401 Trillium Blvd., Suite A225, Hoffman Estates, Illinois 60192.

11. Nartron is informed and believes, and on that basis alleges, that Defendants are responsible for their acts and for their conduct, which are the true legal causes of the damages

herein alleged.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-10, inclusive (individually, a "Doe Defendant" and collectively, "Doe Defendants"), are unknown to Nartron at this time, and Nartron, therefore, sues Doe Defendants by such fictitious names. Nartron will ask leave of Court to amend this Complaint when the same shall have been ascertained. Nartron is informed and believes, and on that basis alleges, that each Doe Defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Nartron, as hereafter alleged.

13. Any reference to Defendants shall refer to each named Defendant and all Doe Defendants, and to each of them. Any reference to a particular Defendant shall refer to the named Defendant only.

## JURISDICTION AND VENUE

14. This is an action for copyright infringement arising under the copyright laws of the United States, Title 17, United States Code. Jurisdiction as to these claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

15. Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400(b) because (a) Defendants may be found in this district, (b) a substantial part of the events giving rise to the asserted claims occurred in this district, (c) Defendants transact business in this district, and (d) Defendants have committed acts of copyright infringement in this district.

16. Personal jurisdiction as to Defendants is conferred on this Court because, on information and belief, Defendants' contacts with the State of Texas are systematic and continuous so as to render Defendants essentially at home in Texas. Futaba Corporation of America has a place of business at 26B Walter Jones Blvd, El Paso, Texas, At that location, Futaba (a) regularly transact and conduct business within the State of Texas and (b) have otherwise made or established contacts within the State of Texas sufficient to permit the exercise of personal jurisdiction. In particular, Futaba conducts PCBA prototype design and engineering, test engineering, box

assembly, and PCBA assembly from its El Paso facility.

## STATEMENT OF FACTS

17. Since 1967, Nartron has been designing, developing, manufacturing, and marketing electronic systems and components for the automotive, military, and consumer product industries.

18. Nartron's expertise in its field has caused Nartron to received numerous unsolicited recognitions for providing outstanding electronics. For instance, Inc. Magazine named Nartron as one of America's Top 30 Innovators and in 2013 Nartron was a Pace Award Finalist.

19. Among Nartron's vast portfolio of intellectual property, Nartron is the sole author and exclusive owner of all right, title, and interest in and to the copyright of its software code for the PCBAs.

20. As of the date hereof, Nartron has registered this source code with the United States Copyright Office. In particular, on May 15, 2023, Nartron registered the work *Printed Circuit Board Software Code*, Registration No. TX 9-263-201 (the "Registered Work"). *See* **Exhibit A** for a true and correct copy of the registration for the Registered Work. Nartron therefore holds the right to sue and recover damages for infringement of its copyright.

21. In or around 2011, JVIS accepted Nartron's proposal to engineer and produce the PCBAs for integration into JVIS's instrument panel bezels for use in at least the 2014 Chrysler Jeep Grand Cherokee. At all times relevant herein, JVIS was an automotive supplier that manufactured and assembled automotive components for tier one suppliers and original equipment manufacturers. Also at such times, JVIS Mayco International LLC, was and has remained the tier one supplier of the cockpit module used by Chrysler Group, LLC.

22. In or around July 2012, JVIS scheduled a site visit for Futaba at Nartron's facilities under the false pretense that Futaba intended to create a backseat climate control module for the 2014 Chrysler Jeep Grand Cherokee.

23. Futaba is a direct competitor of Nartron and also produces electronic displays, printed circuit board assemblies, and capacitive touchscreens, and software, including for the automotive industry.

24. Abruptly following Futaba's visit at Nartron, JVIS demanded from Nartron price reductions, a substantial increase in order quantity (to build a bank of parts), and an unreasonably accelerated production timeline in order to cause Nartron's breach of contract and ultimately, force the termination of JVIS's engagement of Nartron.

25. In or around September 2012, Nartron's then-Engineering Director and Director of Technical Program Management, Thomas J. Gronski ("Gronski"), terminated his employment at Nartron and became an independent contractor for JVIS. Gronski thereafter disclosed confidential information to further the illicit plan to have Futaba produce the PCBAs for JVIS in place of Nartron.

26. In or around October 2012, JVIS demanded samples of the PCBAs from Nartron identifying all components, which would then be provided to Futaba. Nartron provided such samples and, in turn, JVIS provided Nartron's PCBAs to Futaba unbeknownst to Nartron.

27. On or around July 9, 2013, JVIS instituted litigation against Nartron in the State of Michigan in the Circuit Court for the County of Macomb, Case No. 13-2742-CK (the "Prior Litigation"), alleging that Nartron failed to perform its obligations under the parties' agreement. On or around November 11, 2013, Nartron filed a counter and third-party complaint naming Futaba as a third-party defendant in the Prior Litigation, alleging misappropriation of Nartron's trade secrets and other claims.

28. During the Prior Litigation, JVIS and Futaba separately admitted that Futaba reverse engineered Nartron's PCBAs, including the software code that is the subject of the Registered Work. Futaba admitted that it reverse engineered Nartron's PCBAs. Further, Futaba provided documentation expressly indicating that Futaba "pulled" software from Nartron's PCBAs so it could reverse engineer and examine Nartron's software code.

29. On information and belief, Futaba copied parts of Nartron's software code that it "pulled" in creating software code for the Nartron-designed Futaba replacement PCBAs. On information and belief, Futaba did so though a process that included "disassembly" or "decompilation" to transform the machine-readable object code contained in the memory of

Nartron's PCBAs into human-readable source code. With the human-readable source code that Futaba from its intermediate copying from Nartron's machine-readable object code (which was contained in a fixed memory media), Futaba created its own source code for the Nartron-designed replacement PCBAs, which included unauthorized copies of material parts of Nartron's software code, including header files and other files that control various aspects of a center console display.

30. At no point did Nartron sell the Registered Work to JVIS or Defendants, or otherwise authorize JVIS or Defendants to use the Registered Work, nor did Defendants seek such permission from Nartron. Instead, Nartron retained and still retains all right, title, and interest in and to the Registered Work. Despite lacking the authority to do so, Defendants have copied and continue to copy the Registered Work on printed circuit board assemblies for use in integrated center stacks.

31. On information and belief, Futaba still makes and sells the Nartron-designed PCBAs to JVIS containing the software code that Futaba copied from Nartron's PCBAs and then copied into its own software code for the Nartron-deigned PCBAs, and has done so continually since replacing Nartron under the JVIS contract.

32. Given Defendants' actual and constructive knowledge of Nartron's rights, including by way of Futaba's admission that it "reverse engineered" Nartron's PCBAs, Defendants' acts of infringement are willful.

33. The natural and probable foreseeable result of Defendants' wrongful conduct has been to deprive Nartron of the benefits of selling products featuring the Registered Work and to injure Nartron's relationship with present and prospective customers. Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of Nartron's copyrights, and in conscious disregard for Nartron's exclusive rights in its Registered Work.

## CLAIM FOR RELIEF

**Copyright Infringement – 17 U.S.C. § 501**

34. Nartron hereby restates and realleges the allegations of paragraphs 1 through 33 above and incorporates them by reference.

35. Nartron is the sole author of the Registered Work and the exclusive owner of all rights associated with the Registered Work. The Registered Work is comprised of wholly original material and has been deemed by the United States Copyright Office to be copyrightable subject matter under the copyright laws of the United States.

36. With full knowledge of Nartron's rights in the Registered Work and with reckless disregard for Nartron's copyright, Defendants have willfully infringed and continue to willfully infringe Nartron's copyright in the Registered Work by reproducing, creating derivative works and/or distributing (and authorizing the reproduction, public display, creating derivative works, and distributing by third parties) the Registered Work on various printed circuit board assemblies without Nartron's consent, approval, or license.

37. Defendants' actions constitute a direct violation of the exclusive rights under copyright with respect to the Registered Work under 17 U.S.C. § 106.

38. Defendants have benefited from their infringement of the Registered Work through sales, brand promotion, and corporate goodwill. As a result of Defendants' infringement, Nartron has suffered monetary damages, as well as damages to its goodwill and reputation.

39. Pursuant to 17 U.S.C. § 504(b), Nartron is entitled to actual damages, including Defendants' profits from infringement in connection with the Registered Work, in an amount to be proven at trial.

40. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Nartron great and irreparable injury that cannot fully be compensated or measured in money. Nartron has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Nartron is entitled to injunctive relief prohibiting Defendants from further infringing the Registered Work and ordering Defendants to destroy all copies of their products made in violation of Nartron's exclusive rights.

## PRAYER FOR RELIEF

WHEREFORE, Nartron respectfully requests judgment as follows:

A. Entry of a judgment that Defendants have infringed the copyright in the Registered

Work;

B. Under 17 U.S.C. § 502, an order preliminarily and permanently restraining and enjoining Defendants, its officers, agents, attorneys and employees, and those acting in privity or concert with Defendants, from further copying or creating derivative works of the Registered Work;

C. Under 17 U.S.C. §§ 503 and 1203(b)(6), for an order requiring Defendants to destroy all infringing copies of the Registered Work, including all digital copies or any other means by which they could be used against by Defendants without Nartron's authorization, as well as all related records and documents that are in Defendants' possession, custody, or control, now and in the future;

D. Under 17 U.S.C. § 504, for actual damages and all of Defendants' profits derived from the unauthorized use of the Registered Work;

E. Under 17 U.S.C. § 1203(b)(4)-(5), an award to Nartron of attorneys' fees, court costs, and other reasonable expenses associated with this lawsuit, in an amount to be determined at trial;

F. An award to Nartron of pre- and post-judgment interest at the maximum legal rate; and

G. For such other relief that the Court may deem necessary, just, and proper.

## JURY TRIAL DEMAND

Nartron hereby demands a trial by jury in this case on all issues so triable.

DATED: June 9, 2023

Respectfully submitted,

CHERRY JOHNSON SIEGMUND JAMES, PLLC

By: /s/*Mark D. Siegmund*
MARK D. SIEGMUND
State Bar No. 24117055
CRAIG D. CHERRY
State Bar No. 24012419
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
The Roosevelt Tower

400 Austin Avenue, 9th Floor
Waco, Texas   76701
Telephone:  (254) 732-2242
Facsimile:   (866) 627-3509


GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP

LAWRENCE M. HADLEY (*pro hac vice* to be filed)
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD (*pro hac vice* to be filed)
sunderwood@glaserweil.com
LARA A. PETERSEN (*pro hac vice* to be filed)
lpetersen@glaserweil.com
JASON C. LINGER (*pro hac vice* to be filed)
jlinger@glaserweil.com
10250 Constellation Blvd, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

  Attorneys for Plaintiff